**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

McKINLEY DAVID LITTLEJOHN,
*Defendant-Appellant.*

No. 99-4571

Appeal from the United States District Court
for the Western District of North Carolina, at Bryson City.
Lacy H. Thornburg, District Judge.
(CR-98-234)

Submitted: March 15, 2002

Decided: April 23, 2002

Before TRAXLER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Randal Kelly Seago, MELROSE, SEAGO & LAY, P.A., Sylva,
North Carolina, for Appellant. Robert J. Conrad, Jr., United States
Attorney, Thomas R. Ascik, Assistant United States Attorney, Ashe-
ville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

A jury found Appellant McKinley David Littlejohn guilty of two counts of aggravated sexual abuse. On appeal, Littlejohn claims that joining the charges was in error and the district court abused its discretion by denying his motion to sever. Finding no reversible error, we affirm.

Littlejohn was charged with two counts of aggravated sexual abuse occurring on or about August 18, 1998. Count One charged Littlejohn with knowingly engaging in a sexual act with another person by using force against that person in violation of 18 U.S.C.A. §§ 2241(a)(1), 2246(2)(A) and 1153 (West 2000). Count Two charged Littlejohn with knowingly engaging in a sexual act with another person by threatening or placing that other person in fear that she would be subject to death or bodily injury in violation of 18 U.S.C.A. §§ 2241(a)(2), 2246(2)(A), and 1153 (West 2000). Both Counts involved the same victim. Littlejohn was also charged with three counts of engaging in a sexual act with an Indian minor. Count Three charged that on April 15, 1994, Littlejohn engaged in a sexual act with a minor by using force in violation of 18 U.S.C.A. §§ 2241(a)(1), 2246(2)(A), and 1153 (West 2000). Count Four charged that between on or about April 15, 1994, and April 15, 1995, on an occasion separate from that alleged in Count Three, Littlejohn engaged in a sexual act with an Indian minor by using force and by threatening or placing that person in fear that she would be subject to death or serious bodily injury. Count Five charged that on or about December 30, 1996, Littlejohn engaged in a sexual act with an Indian minor by use of threats.

Littlejohn moved to sever Counts One and Two from Counts Three, Four and Five. The district court denied the motion finding that the charges were of the same or similar character. The Government voluntarily dismissed Counts Four and Five.

Under Rule 8(a) of the Federal Rules of Criminal Procedure, two or more offenses may be joined in the same indictment, if they are "of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." We find that Counts One and Two were of the same or similar character as Count Three and therefore, properly joined. *See United States v. Acker*, 52 F.3d 509, 513-14 (4th Cir. 1995); *United States v. Free*, 841 F.2d 321, 324 n.1 (9th Cir. 1988).

We further find the district court did not abuse its discretion by denying Littlejohn's motion for severance. *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995). Littlejohn did not meet his burden of demonstrating a strong showing of prejudice. *United States v. Goldman*, 750 F.2d 1221, 1225 (4th Cir. 1984).

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*